**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ASHLEY MENTH**, on behalf of herself and others similarly situated, | Case No.: |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| v. | **JURY DEMAND** |
| **CONCERTO HEALTHCARE, INC.,** | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff ASHLEY MENTH ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, hereby files this Collective Action Complaint against Defendant CONCERTO HEALTHCARE, INC. ("Defendant"), and states as follows:

## INTRODUCTION

1.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      Defendant's business consists of entering into contracts to administer

healthcare coverage on behalf of its health insurance and health plan customers. In administering healthcare coverage to members enrolled in its customers' health plans, Defendant reviews requests for services and makes coverage determinations based on medical necessity. Defendant holds an Accreditation in Utilization Management from the National Committee on Quality Assurance ("NCQA").[1]

3.     Defendant employed Plaintiff and other non-managerial employees to perform utilization review functions to attempt to reduce the costs of medical care ("Utilization Review Employees"). Defendant used various job titles to refer to Utilization Review Employees, including Utilization Review Nurse, Authorization Nurse, Utilization Management Nurse, Utilization Management Review Nurse, UM Nurse, and similar job titles. Regardless of the title, the Utilization Review Employees each performed a similar function.

4.     Defendant misclassified its Utilization Review Employees as exempt employees and paid Utilization Review Employees a salary. Defendant's Utilization Review Employees regularly worked over 40 hours per week, without overtime payments.

5.     The utilization reviews performed by Plaintiff and other Utilization Review Employees consisted of reviewing health insurance benefit requests

---

[1]     www.concertohealth.com/ncqa-accreditation/category/press-releases/     (last visited June 9, 2020).

submitted on behalf of members against predetermined guidelines and criteria for insurance coverage and payment purposes ("Utilization Review Work").

6.     Like the NCQA, the Utilization Review Accreditation Commission ("URAC") is a nonprofit organization that issues accreditations to companies that conduct utilization review services, and some states require that companies conducting utilization reviews be URAC-accredited.

7.     The Utilization Review Work performed by Utilization Review Employees is referred to as "Initial Clinical Review" by the URAC.

8.     In performing their Utilization Review Work, Plaintiff and the Utilization Review Employees can "approve requests for admissions, procedures, [or] services that meet … criteria, but must refer requests that do not meet … criteria to peer clinical review for" approval or denial.[2]

9.     This work is based on a strict set of criteria with little discretion. Accordingly, the Utilization Review Work performed by Utilization Review Employees does not qualify the employees as exempt from normal protections of the FLSA, and therefore, Defendant owes the Utilization Review Employees overtime wages and additional remedies under federal law.

10.     Plaintiff brings this action on behalf of herself and other similarly

---

[2]     *See* URAC Accreditation Guidelines, p. 32, available at www.castleworldwide.com/idev/guidelines/ccnresources/URAC_Health_Plan_Guide_v7_3.pdf (last visited June 9, 2020).

situated current and former Utilization Review Employees, who, due to Defendant's uniform misclassification scheme, were not paid all earned overtime pay for time worked in excess of 40 hours in individual workweeks in violation of the FLSA.

11.    Defendant knew or could have easily determined that the Utilization Review Work performed by Plaintiff and the Utilization Review Employees did not qualify for an FLSA exemption from overtime pay, and Defendant could have properly accounted for and compensated Plaintiff and the Utilization Review Employees for their overtime work, but Defendant deliberately chose to misclassify them as exempt from overtime pay.

12.    Plaintiff seeks a declaration that her rights and the rights of the putative collective action members were violated, an award of unpaid wages and liquidated damages, injunctive and declaratory relief, attendant penalties, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## **JURISDICTION**

13.    This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201 *et seq.*

14.    Additionally, this Court has jurisdiction over Plaintiff's FLSA claim

4

pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

15.     Defendant's annual sales exceed $500,000, and Defendant has more than two employees; thus, the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce or in the production of goods for commerce; therefore, they are also covered by the FLSA on an individual basis.

16.     The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     The Court has personal jurisdiction over Defendant because Defendant conducts business in Michigan, employs individuals—including Plaintiff—in Michigan, is registered with the Michigan Department of Licensing and Regulatory Affairs (LARA), has caused injuries in Michigan, and generally engages in substantial activities in Michigan.

18.     Personal jurisdiction also applies to Defendant because Defendant has purposefully availed itself of the privilege of conducting activities in Michigan and has established minimum contacts sufficient to confer jurisdiction over it; and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## VENUE

19.     Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because Defendant employed Plaintiff and other Utilization Review Employees in Wayne County, Michigan. Therefore, a substantial part of the events forming the basis of this suit (including implementation of the illegal pay practices alleged in this litigation) occurred in the Eastern District of Michigan.

## INTRADISTRICT ASSIGNMENT

20.     A substantial part of the events or omissions giving rise to the claims alleged herein occurred in Wayne County, Michigan; therefore, this action is properly assigned to the Southern Division.

## PARTIES

21.     Plaintiff ASHLEY MENTH was employed by Defendant as a Utilization Review Employee in Wayne County, Michigan from October 2017 to March 2019. In that position, Plaintiff typically worked five days per week, 10 to 12 hours per day, and 50 to 60 hours per week. Plaintiff was compensated on a salary basis, plus nondiscretionary bonus compensation due to the quality of her work. On at least two occasions, Plaintiff received a $500 spot bonus in exchange for agreeing to work four or more overtime hours during workweeks where Defendant anticipated higher than normal work volume. Plaintiff signed a consent form to join this collective action lawsuit, attached hereto as **Exhibit A**.

22.     Defendant CONCERTO HEALTHCARE, INC. is a Delaware Corporation (File Number: 3880856) with a Principal Office at 85 Enterprise, Suite 200, Aliso Viejo, California 92656. Defendant is licensed to do business in Michigan (Identification Number: 801063503), and its registered agent for service of process in Michigan is Cogency Global Inc., 229 Brookwood Drive, Suite 14, South Lyon, Michigan 48178.

23.     According to its website, Defendant

> is the leading provider of specialized field-based complex care and supporting clinical services for vulnerable, frail and elderly patients. Operating exclusively in value-based agreements, ConcertoHealth provides high-touch, individualized care for patients, and also deploys wraparound clinical resources to extend the reach of primary care practices.

https://www.concertohealth.com/who-we-are/ (last visited June 9, 2020).

24.     Upon information and belief, Defendant has employed hundreds of Utilization Review Employees—including Plaintiff—during the last three years to perform Utilization Review Work.

## GENERAL ALLEGATIONS

### A.     Defendant Misclassified Its Utilization Review Employees

25.     Plaintiff worked as a Utilization Review Employee for Defendant within the last three years.

26.     During her employment with Defendant, Plaintiff primarily performed Utilization Review Work.

7

27.     Utilization Review Employees' job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance. Utilization Review Employees' duties and responsibilities did not involve the management of the enterprise or any particular department, and Plaintiff did not direct the work of other employees. Nor were any Utilization Review Employees involved in setting the management policies or general business operations of Defendant or its patients.

28.     The minimum clinical certification required to perform the Utilization Review Work performed by Plaintiff is Licensed Practical Nurse ("LPN") or Licensed Vocational Nurse ("LVN") credentials. In fact, URAC Health Plan Accreditation Guidelines explicitly provide that an "LPN/LVN meets the URAC definition of health professional and this licensure category may conduct initial clinical review."[3]

29.     Although Plaintiff and other Utilization Review Employees were licensed nurses, they were not certified nurse midwives, nurse anesthetists, or nurse practitioners. Defendant employed Utilization Review Employees, including Plaintiff, who held LPN licensure, but no other clinical licensure such as a Registered Nurse license.

30.     In performing their Utilization Review Work for Defendant, Plaintiff

---

[3] *See* URAC Accreditation Guidelines, *supra*, p. 344.

and other Utilization Review Employees had authority to approve health insurance benefit requests that matched predetermined criteria, but did not have the authority to deny health insurance benefit requests that did not match the predetermined criteria for approval.

31.     During Plaintiff's employment with Defendant, Defendant required Plaintiff and other Utilization Review Employees to perform their job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

32.     The policies, procedures and guidelines followed by Plaintiff and other Utilization Review Employees in performing Utilization Review Work were designed to comply with the accreditation guidelines for a national accreditation organization, the NCQA.[4]

33.     Defendant was required to submit the policies, procedures and guidelines followed by Plaintiff and other Utilization Review Employees in performing Utilization Review Work for review when it applied for its Accreditation

---

[4] Margaret E. O'Kane, President of NCQA, explained that "Achieving NCQA Utilization Management Accreditation demonstrates that ConcertoHealth has the systems, process and personnel in place to conduct utilization management in accordance with the strictest quality standards," available at https://www.concertohealth.com/ncqa-accreditation/category/press-releases/ (last visited June 9, 2020).

in Utilization Management with the NCQA.[5]

34.     During Plaintiff's employment with Defendant, Plaintiff's and other Utilization Review Employees' job duties did not involve creating or drafting corporate policies, procedures or guidelines pertaining to Utilization Review Work. In fact, during Plaintiff's employment with Defendant, Plaintiff's job duties did not involve creating or drafting any corporate policies, procedures or guidelines of any kind for Defendant or its employees.

35.     Defendant misclassified Plaintiff and other Utilization Review Employees as exempt employees for the purposes of the FLSA. Defendant paid Plaintiff and other Utilization Review Employees a salary, at the same amount of compensation each week, regardless of the number of hours they worked each week during their employment. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times the "regular rate" at which she was employed.

36.     However, Plaintiff and the Utilization Review Employees are not

---

[5]    *See, e.g.,* www.prestigehealthchoice.com/news/press-releases/10-02-2019-prestige-health-choice-earns-ncqa-second-highest-health-plan-accreditation-status-level.aspx (touting Defendant earning "a Commendable Health Plan Accreditation status from the [NCQA] … based on rigorous on-site and off-site evaluations of over 60 standards and selected Healthcare Effectiveness Data and Information Set" measures) (last visited June 9, 2020).

exempt employees under the FLSA.[6] As noted above, Plaintiff and other Utilization Review Employees do not exercise the level of independent judgment, discretion, supervision or administrative control to be classified as executive, professional or administrative employees under the FLSA, nor do they meet the annual compensation requirements to be classified as highly compensated employees under the FLSA. Accordingly, Defendant uniformly misclassifies its Utilization Review Employees as exempt employees under the FLSA.

### B.    Defendant Fails to Provide Overtime Wages

37.    As non-exempt employees, Defendant's Utilization Review Employees were entitled to full compensation for all overtime hours worked. Under the FLSA, employees are entitled to "not less than one and one-half times the regular rate" at which they are employed for work in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1). The "regular rate" shall be deemed to include bonuses, commissions, nondiscretionary incentive compensation and other remuneration paid to the employee. 29 U.S.C. § 207(e).

38.    Defendant suffered or permitted Plaintiff and Utilization Review Employees to work over 40 hours in one or more individual workweeks during the

---

[6] *See, e.g., Rego v. Liberty Mut. Managed Care, LLC*, 367 F. Supp. 3d 849, 853 (E.D. Wis. 2019) (holding registered nurses whose primary duty was to conduct utilization reviews to be non-exempt under the FLSA's professional and administrative exemption).

last three years. Nevertheless, Defendant paid Plaintiff and Utilization Review Employees a salary at the same amount of compensation each week regardless of the number of hours they worked each week during their employment.

39.     When Plaintiff and Utilization Review Employees worked over 40 hours in one or more individual workweeks, Defendant did not pay them overtime at one-and-one-half times the "regular rate" at which they were employed.

### C.     Defendant Benefited from the Uncompensated Overtime Work and Suffered and Permitted it to Happen

40.     At all relevant times, Defendant directed and directly benefited from the Utilization Review Work performed by Plaintiff and the Utilization Review Employees.

41.     At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments and employment conditions of Plaintiff and the Utilization Review Employees.

42.     At all relevant times, Defendant was able to track the amount of time Plaintiff and the Utilization Review Employees spent in connection with the performance of their Utilization Review Work. However, Defendant failed to do so and failed to properly compensate Plaintiff and the Utilization Review Employees for the overtime work they performed.

43.     At all relevant times, Plaintiff and the Utilization Review Employees were non-exempt employees, subject to the requirements of the FLSA.

44.     Defendant expressly trained, instructed and permitted Plaintiff and the Utilization Review Employees to perform more than 40 hours of Utilization Review Work during numerous individual workweeks.

45.     Because Plaintiff and the Utilization Review Employees typically worked more than 40 hours in a workweek, Defendant's policies and practices deprived Plaintiff and the Utilization Review Employees of overtime wages for the Utilization Review Work they performed

46.     Defendant knew or should have known that the Utilization Review Work performed by Plaintiff and the Utilization Review Employees did not qualify for the FLSA's administrative, executive or professional exemption. Indeed, given the routine and rote nature of the Utilization Review Work, the lack of discretion and independent judgment with respect to matters of significance, and the strict guidelines the Utilization Review Employees were required to adhere to, there is no conceivable way for Defendant to establish that its classification scheme was enacted in good faith.

47.     Despite knowing Plaintiff and the Utilization Review Employees performed more than 40 hours of Utilization Review Work in numerous individual workweeks, Defendant failed to make any effort to stop or disallow the overtime work and instead suffered and permitted it to happen.

48.     Unpaid overtime wages related to the overtime work described herein

13

are owed to Plaintiff and the Utilization Review Employees at the FLSA mandated overtime premium of one and one-half times the "regular rate" at which they were employed because Plaintiff and the Utilization Review Employees regularly worked more than 40 hours in a workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All similarly situated current and former Utilization Review Employees who work or have worked for Defendant in the last three years and who were paid a salary and classified as exempt from overtime*.

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

50.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated Utilization Review Employees.

51.     Excluded from the FLSA Collective are Defendant's executive, administrative and professional employees, including computer professionals and outside salespersons.

52.     Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

53.     Defendant assigned and/or was aware of all the work that Plaintiff and

14

the FLSA Collective performed.

54.    As part of its regular business practices, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.    Willfully misclassifying Plaintiff and the FLSA Collective as exempt employees under the FLSA;

    b.    Willfully failing to pay Plaintiff and the FLSA Collective premium overtime wages for hours worked in excess of 40 hours per workweek; and

    c.    Willfully failing to record all of the time that Plaintiff and the FLSA Collective worked for the benefit of Defendant.

55.    Defendant is aware or should have been aware that Plaintiff and the FLSA Collective were non-exempt employees and that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

56.    Defendant's unlawful conduct has been widespread, repeated and consistent.

57.    A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they

were or are subject to the same or similar unlawful practices, policy or plan; and (d) their claims are based upon the same factual and legal theories.

58.     The employment relationships between Defendant and every proposed FLSA Collective member are the same. The key issue – whether the Utilization Review Work performed by Utilization Review Employees qualifies for the professional, executive or administrative exemption – is identical among the proposed FLSA Collective members.

59.     Many similarly situated current and former Utilization Review Employees have been underpaid in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

60.     Court-supervised notice of this lawsuit should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

61.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's personnel and payroll records.

62.     Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period, will include hundreds of workers. The precise number of FLSA Collective members should be readily ascertainable from a review of Defendant's personnel and payroll records.

## COUNT I
## 29 U.S.C. § 216(b) COLLECTIVE ACTION
## VIOLATION OF FLSA, 29 U.S.C. § 201 *et seq.*
## FAILURE TO PAY OVERTIME WAGES

63.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

64.   At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

65.   At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

66.   Plaintiff and the FLSA Collective, by virtue of their job duties and activities actually performed, are all non-exempt employees.

67.   Plaintiff and the FLSA Collective either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

68.   At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

69.   Defendant violated the FLSA by misclassifying Plaintiff and the FLSA Collective as exempt from overtime pay and by failing to pay overtime to Plaintiff and the FLSA Collective when they worked over 40 hours in individual workweeks.

70.   Contrary to Defendant's uniform misclassification scheme, Plaintiff

and the FLSA Collective were not exempt employees under FLSA.

71.    Plaintiff and the FLSA Collective were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

72.    Defendant paid Plaintiff and other FLSA Collective members a salary and no overtime compensation.

73.    In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, they should have been paid for such overtime work at the federally mandated rate of one and one-half times the "regular rate" at which they were employed, including bonuses, commissions, shift differentials and nondiscretionary incentive pay where applicable. 29 U.S.C. § 207.

74.    Defendant's FLSA violations were knowing and willful. Defendant knew or could have easily determined that Plaintiff and the FLSA Collective were misclassified as exempt from overtime pay, and Defendant could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for their overtime work, but deliberately chose not to.

75.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the putative

FLSA Collective, requests judgment as follows:

a.   Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b);

b.   Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, dates of employment, and phone numbers of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, so as to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

c.   Designating Plaintiff as the representative of the FLSA Collective and undersigned counsel as class counsel for the same;

d.   Declaring Defendant violated the FLSA and the Department of Labor's (DOL) attendant regulations as cited herein;

e.   Declaring Defendant's violations of the FLSA were willful;

f.   Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g.   Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

h.   Awarding pre- and post-judgment interest to Plaintiff on these damages; and

i.   Awarding such other and further relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and

through her attorneys, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38

and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: June 10, 2020                    Respectfully Submitted,

                                        s/ *Rod M. Johnston*
                                        Kevin J. Stoops (P64371)
                                        Rod M. Johnston (P80337)
                                        **SOMMERS SCHWARTZ, P.C**.
                                        One Towne Square, 17th Floor
                                        Southfield, Michigan 48076
                                        Phone: (248) 355-0300
                                        kstoops@sommerspc.com
                                        rjohnston@sommerspc.com

                                        TRAVIS M. HEDGPETH*
                                        Texas Bar No. 24074386
                                        **THE HEDGPETH LAW FIRM, PC**
                                        3050 Post Oak Blvd., Suite 510
                                        Houston, Texas 77056
                                        Telephone: (281) 572-0727
                                        Facsimile: (281) 572-0728
                                        travis@hedgpethlaw.com

                                        JACK SIEGEL*
                                        Texas Bar No. 24070621
                                        STACY THOMSEN*
                                        California Bar No. 274282
                                        **SIEGEL LAW GROUP PLLC**
                                        4925 Greenville, Suite 600
                                        Dallas, Texas 75206
                                        P: (214) 790-4454
                                        www.4overtimelawyer.com

                                        *\* Application for admission forthcoming*

                                        *Attorneys for Plaintiff and the putative FLSA Collective members*

20